May 15, 2009


Albert Russo, Esquire
Standing Chapter 13 Trustee
CN 4853
Trenton, New Jersey 08650-4853

Marc C. Capone, Esquire
Capone & Keefe
60 Highway 71, Unit 2
Spring Lake Heights, New Jersey 07762

Alan R. Ostrowitz, Esquire
Ostrowitz & Ostrowitz
225 Gordons Corner Road
Suite 1-J
Manalapan, New Jersey 07726

        Re:    Jack J. Fernandez
              Case No. 08-29209
              Document #13
              Confirmation Hearing: May 27, 2009

Dear Counsel:

      This matter was scheduled for confirmation on April 8, 2009.  Commerce Bank, NA, now

known as TD Bank, filed an objection to confirmation and the parties requested that the objection

be decided on the papers.  The confirmation has been adjourned until May 27, 2009.  The following

is the Court's opinion resolving TD Bank's objection.

In Schedule D of the Debtor's bankruptcy petition he lists Commerce Bank as a secured creditor with a claim in the amount of $235,000 secured by a lien on his residence, which he values at $228,333. The nature of the obligation is listed as "SBA loan". On October 17, 2008, the Debtor filed a Chapter 13 Plan that provided for Commerce Bank to be paid $0 on its claim. The Plan indicated that there were superior liens in the amount of $319,443. Presumably, the superior liens are the first mortgage of Indymac Bank (listed in Schedule D at $236,326.48) and a revolving line of credit with USAA Federal Savings Bank (listed in Schedule D at $83,317.23).

On October 17, 2008, Commerce Bank filed an objection to confirmation on the following grounds: 1) that the Plan violates § 1325(a)(4) in that it seeks to distribute less than would be distributed in a Chapter 7 case; 2) that the Plan seeks to impermissibly cram-down Commerce's claim in violation of § 1325(a); 3) that the Plan violates § 1325(a)(5) because it does not provide for Commerce to retain its lien; 4) that the Plan does not provide means for curing the default in violation of § 1322(b)(3); 5) that the Plan does not provide for the curing of default within a reasonable time in violation of § 1322(b)(5); 6) that the amount to be distributed under the Plan is less than the amount of the secured claim in violation of § 1325(a)(3); and 7) that the Plan was filed in bad faith. On February 26, 2009, TD Bank, N.A., a successor in interest to Commerce Bank, filed a brief in support of the objection to confirmation that considerably narrowed the focus of the objection. On March 4, 2009, the Debtor filed a brief in response.

The pertinent facts, as presented in the briefs, are disputed. TD Bank contends that the subject claim arose under a Small Business Administration note dated January 14, 2008, taken out by the Debtor to acquire a landscaping business known as "Sage General Contracting, LLC". The

2

Note was unconditionally personally guaranteed by the Debtor.  As collateral for the loan, the

Debtor executed a second mortgage on his residence at 645 Mizzen Ave., Beachwood, NJ.  The

mortgage was recorded on February 5, 2008.  By contrast, the Debtor contends that the SBA loan

was not taken out by the Debtor, but rather was taken out by Sage General Contracting, LLC on

January 18, 2008.  The Debtor was merely the guarantor of the loan and TD Bank took a third

mortgage on the Debtor's residence as further security for the Note.  The Debtor maintains that the

proceeds of the loan were not used to purchase Sage General Contracting or any of the equipment

owned by the corporation.

The legal issue as it currently stands is whether the Debtor's proposed "strip off" of TD

Bank's  mortgage is permissible under the "hanging paragraph" of 11 U.S.C. § 1325(a).  The

"hanging paragraph" was added to the Code as part of BAPCPA.  It provides:

> For the purposes of paragraph (5), section 506 shall not apply to a claim described
> in that paragraph if the creditor has a purchase money security interest securing the
> debt that is the subject of the claim, the debt was incurred within the 910-day [sic]
> preceding the date of the filing of the petition, and the collateral for that debt consists
> of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal
> use of the debtor, or if collateral for that debt consists of any other thing of value, if
> the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a).  TD Bank urges this Court to adopt a reading of that paragraph that contradicts

the great weight of authority in both the case law and commentary which find that for both a motor

vehicle and "any other thing of value" the creditor must hold a purchase money security interest.

The Court finds no reasoned basis to do so.

Although no one will point to the hanging paragraph as a model of statutory drafting, on this

narrow issue the statutory language is open to only one reasonable interpretation.  The paragraph

begins by delineating the claims to which § 506(a) does not apply.  It provides that "section 506

3

shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim." The remainder of the paragraph simply refers to "the debt" or "that debt". Debt is defined in the Code as "liability on a claim". 11 U.S.C. § 101(12). Therefore, the later references to "debt" have to be understood as referring back to the previously described claim, which is a claim based on a purchase money security interest. *See*, United States v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989) (for purposes of statutory construction you must begin with the language of the statute).

Although the cases take various routes to arrive there, the majority of courts to have considered this issue have reached the same conclusion. In Hayes, Judge Lundin held that "[i]f the collateral is "any other thing of value" then the creditor must prove that it has a purchase money security interest and that the debt was incurred within one year preceding the petition." In re Hayes 376 B.R. 655, 664 (Bankr. M.D. Tenn. 2007). After a thorough analysis of the issue, the court in Quevedo concluded:

> The BAPCPA Legislative History is not enlightening as to what Congress intended the amendment to mean. The Court has reviewed the history of the bankruptcy reform legislation leading to the enactment of BAPCPA. It concludes the Congressional intent for the cram down amendment never changed even though the statute underwent many revisions over the eight years the legislation was pending. Congress intended the cram down amendment to protect creditors with purchase money security interests. The Court finds nothing to persuade it that Congress intended to expand this protection to non-purchase money security interests in 1999 when it deleted the amendment from § 506 and morphed it into BAPCPA's hanging paragraph. Accordingly, the Court adopts the alternate construction of the hanging paragraph. It construes the paragraph to provide a longer 910-day period of protection for purchase money security interests in a vehicle. All other personal property purchase money security interests receive a shorter 1-year period of protection if the collateral has value.

In re Quevado, 345 B.R. 238 (Bankr. S.D. Cal. 2006). More recently in Ford, the court noted that "[i]t is relatively well-settled that to prevent the bifurcation of its claim, the creditor must have a

purchase money security interest whether the collateral is a "910-day vehicle" or "any other thing of value." In re Ford, 2008 WL 1925153 (Bankr. E.D. Wis. 2008); *see also*, In re Littlefield, 388 B.R. 1, 6 (Bankr. D. Me. 2008) ("claims of creditors holding purchase money liens on motor vehicles acquired for nonpersonal use of the debtor cannot be modified if the debtor incurred the debt within a year of the bankruptcy filing.").

The leading BAPCPA bankruptcy treatises also agree that the hanging paragraph protects only purchase money security interests. Collier provides:

> The claims encompassed in this language at the end of section 1325 [the hanging paragraph] are two types of purchase money security interests. The first type is a purchase money security interest [in a personal use vehicle] .... The second type is a purchase money security interest for a debt incurred within one year preceding the filing of the petition, if the collateral consists of any other thing of value.

8 L. King, Collier on Bankruptcy, ¶ 1325.06[1][a] at 1325-28 (15th ed. rev. 2006). Similarly, Judges Brown and Ahern describe the hanging paragraph as follows:

> Section 1325(a) is further amended to add at the end a provision that § 506 does not apply in determining a secured claim, for purposes of § 1325(a)(5), if the creditor has a purchase-money security interest in a motor vehicle purchased by the debtor for the debtor's personal use within 910 days before the filing of the bankruptcy or if the debtor has purchased other purchase-money collateral within one year of the filing.

Hons. William H. Brown and Lawrence Ahern, III, 2005 Bankr. Reform Legis. with Analysis 2d § 6:35 (updated Feb. 2006).

The Court also finds that TD Bank's position is not defensible on a policy level. There are numerous examples in the Uniform Commercial Code in which purchase money security interests are treated differently than other security interests. For example, PMSIs are accorded first priority status trumping even earlier filed blanket liens. *See*, U.C.C. § 9-324. It is not unreasonable to think that the drafters of BAPCPA would import some of those Article 9 concepts into the amendments.

5

What is unreasonable is to think that BAPCPA would work a radical reordering of the priorities of secured creditors merely based on the time in which the debt arose.  If that was the intent of the hanging paragraph, it is reasonable to presume that some mention of it would be made in the legislative history.  This case is a perfect example of why TD Bank's position would lead to unjust results.  In this case, if the court adopted TD Bank's position, then the first mortgage could be reduced down to the fair market value of the house, the second mortgage would be wiped out entirely, but TD Bank's third mortgage would have to be paid in full.  If Congress intended such a result, it would have been more explicit about it in the legislative history.

Given the Court's reasoning it does not need to address the Debtor's alternative argument that TD Bank's reading of the hanging paragraph would render § 1322(b)(2) superfluous.

As previously noted, the parties version of the facts differ, but on this issue TD North concedes that it does not possess a purchase money security interest.  *Brief in Support of Objection to Chapter 13 Plan* at 10 ("The real estate collateral is not a purchase money lien").
Since this Court is of the opinion that only purchase money security interests are protected from bifurcation by § 1325(a), TD Bank's objection to confirmation on that basis is overruled.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge